No. 36,814

R. E. Mather and Marcus Wheeler, Partners doing business as Mather & Wheeler, Realtors, *Appellants*, v. Dora B. Robinson, *Appellee.*

(183 P. 2d 209)

Russell C. Hardy, judge. Opinion filed July 12, 1947.

*Justus N. Baird,* of Kansas City, argued the cause, and was on the briefs for the appellants.

*David W. Carson,* of Kansas City, argued the cause, and *David F. Carson,* of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for real-estate commission. Judgment was for the defendant. Plaintiffs appeal.

The action was commenced in the city court where judgment was for the defendant. The action in the city court was based upon an alleged contract; plaintiffs allege that defendant listed her property with them for sale at certain prices; that they had procured a buyer who was ready, able and willing to purchase the property, and as a result of these services there was due plaintiffs a commission of $237.50. When the case was appealed to the district court the plaintiffs filed an amended bill of particulars, wherein they alleged that they were partners; that on a certain date the defendant entered into a written contract with them whereby she listed her property for sale in the sum of $4,750 cash and gave plaintiffs the exclusive right to sell it for a period of two months. They advertised the property and showed it to prospective customers; that on the 14th day of November, 1945, they secured a purchaser by the name of John V. McGraw who was ready, willing and able to purchase the property for $4,750 in cash and paid to the plaintiffs the sum of $250 as part of the purchase price; that by the terms of the contract defendant was indebted to the plaintiffs in the sum of $237.50.

The evidence of the plaintiffs shows the exclusive sales agency contract duly executed; that they had endeavored to find a purchaser for the property and showed it to several prospective purchasers; that one McGraw was shown the property and signed a contract to purchase it for $4,750; that by the terms of this contract $250 was paid at the time the contract was executed, $1,300 was to be cash and the balance in F. H. A. loan for fifteen years. There was some evidence to the effect that the defendant attempted to cancel her listing. The case was duly submitted to the jury and a verdict returned for defendant. Motion for a new trial and for judgment notwithstanding the verdict was overruled. Judgment was entered for the defendant—hence this appeal.

The gist of the argument of plaintiffs is that they furnished a buyer ready, willing and able to purchase and that the sale was not consummated because the seller changed her mind and refused to go through with the contract.

Various authorities are cited by the plaintiffs to sustain that position. Those cases do sustain that rule. However, giving the evidence in question the most favorable construction for the plaintiffs, it shows that plaintiffs did not produce a purchaser willing and able to buy the property on the terms offered by the seller, the defendant

here. The plaintiffs themselves say they were to find a buyer for the property for cash and that the contract into which they entered with McGraw was for $1,300 cash and the balance in an F. H. A. loan for fifteen years.

. We hold that in order for the rule contended by plaintiffs to apply the real-estate agents must have produced a purchaser ready, willing and able to purchase the property upon the terms described in the listing contract by the seller.

The judgment of the trial court is affirmed.

HOCH, J., not participating.